UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT F. STIRONE | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. |
| MCHUTCHISON INC., | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

**AND NOW**, comes the Plaintiff, ROBERT F. STIRONE, by and through his undersigned attorneys, EGAN AND JAMIOLKOWSKI, and files this Complaint in Civil Action against the Defendant, MCHUTCHISON INC., respectfully averring as follows:

1. This Court is vested with jurisdiction in this Civil Action based upon diversity of citizenship of the parties and the amount in controversy which exceeds the sum of Seventy-Five-Thousand ($75,000) Dollars pursuant to 28 U.S.C. Section 1332.

2. Plaintiff, Robert F. Stirone, is an adult individual and domiciliary of the State of Pennsylvania who resides at 4450 Gateway Drive, Monroeville, Allegheny County, Pennsylvania.

3. Defendant, McHutchinson Inc., is a corporation organized and existing under the laws of the State of New Jersey, and is a domiciliary of New Jersey with its principal place of business located at 64 Mountainview Boulevard, Wayne, New Jersey.

4. At all times heretofore, the Defendant is a wholesale plant brokerage company that sells horticultural products in the Commonwealth of Pennsylvania and throughout the United

1

States to nurseries, greenhouses and other businesses employing sales representatives in various states, including Pennsylvania.

5. On or about May 5, 2011, Plaintiff was hired by the Defendant as a sales representative to sell horticultural products to nurseries and greenhouses throughout Western Pennsylvania and parts of West Virginia and Ohio. A copy of the letter setting forth the terms of the plaintiff's employment is attached as Exhibit A.

6, Plaintiff was at all times a Pennsylvania employee of the Defendant, living and working in the Commonwealth and paying employment taxes to the Commonwealth of Pennsylvania and local government.

7, Plaintiff's compensation was based entirely upon an upon the percentage of sales identified as sales credit. This is more commonly known as a commission which, under both Pennsylvania and New Jersey laws, is compensation based upon a percentage of the dollar amount of orders or sales.

8. Plaintiff did receive an annual base salary which served as a draw against his commissions or credit received for the percentage of sales.

9. Even though Plaintiff earned credits or commissions from complete sales during the year, Defendant refused to pay to the Plaintiff his earned income until the company allegedly reconciled his accounts in February or March of the following year.

10. From 2011 through 2016, Plaintiff worked for the Defendant as a sales representative generating well over two million ($2,000,000) dollars in sales each year and was one of the Defendant's most successful sales representatives.

11. Through his employment from 2011 through 2016, Plaintiff received his yearly

income based upon the percentage of sales and bonuses as described above.

12. On or about January 13, 2017, Plaintiff met with the president of the Defendant, Scott Crownover, to submit his resignation and terminate his employment with the company.

13. At this meeting, the president of the company convinced the plaintiff to continue to work for the Defendant at least through June or July to facilitate sales and to allow the company to hire another sales representative to take his place.

14. Plaintiff was led to believe that by continuing his employment at the behest of the Defendant he would receive all his income, including commissions or credits and any bonus earned for completed sales during 2017.

15. At all times aforesaid, the president of the company was an agent, servant and/or employee of the Defendant acting within the scope of his agency and/or employment.

16. On or about July 28, 2017, Plaintiff left the employment of the Defendant after generating over $2,525,345.00 in sales in 2017, with total commissions or credit earned in the amount of $167,051.00 and because of the amount of sales is entitled to a bonus under his employment agreement.

17. During 2017 Plaintiff received his base salary totaling approximately $75,000.00 and is owed over $92,000 in commission plus bonus earned in accordance with terms of his employment agreement.

18. Defendant has denied payment of this earned income based upon an alleged change in a policy and procedure manual denying payment of earned commissions or credits in the event the employee leaves his or her employment before the end of December.

19. The aforesaid policy was never agreed to or signed by Plaintiff, nor were the terms

made known to him when he first began work with the company (Exhibit A) and later when he agreed to work an additional seven months to help the company and their customers.

20. At all times aforesaid, said policy and procedure language is in clear violation of both Pennsylvania and New Jersey wage laws and is void and of no legal effect.

21. At all times aforesaid, Defendant's actions in failing to pay income earned in a timely manner as required by law constitutes another violation of wage statutes and Plaintiff is entitled to damages as hereinafter described.

## COUNT I

## BREACH OF CONTRACT

22. Plaintiff herein incorporates by reference the averments contained in paragraphs 1 through 21, inclusive, as fully as though the same were set forth herein at length.

23. Plaintiff entered into an employment agreement with the Defendant to act as a sales representative to sell horticultural products to nurseries and greenhouses throughout Western Pennsylvania and parts of West Virginia and Ohio.

24. Defendant agreed to pay to the Plaintiff income in the form of percentage of sales which was a commission or credit based upon completed sales together with a bonus based upon volume.

25. After leaving his employment with Defendant in July of 2017, Plaintiff requested payment of his commission and bonus in accordance with the terms and conditions of his employment as outlined in Exhibit A attached to this Complaint.

26. In breach of this agreement, this Defendant refuses and continues to refuse to pay to the plaintiff his earned income from the commissions as well as any additional bonus earned

in 2017.

27. As a result of the breach, plaintiff has lost income and suffered compensatory and consequential damages resulting from the Defendant's breach.

**WHEREFORE,** Plaintiff demands judgment against the Defendant in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS plus interest and cost of suit.

**A JURY TRIAL IS DEMANDED.**

## COUNT II

## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

28. Plaintiff herein incorporates by reference thereto, the averments contained in paragraphs 1 through 27, inclusive, as fully as though set forth herein at length.

29. The Pennsylvania Wage Payment and Collection Law (WPCL), 43 Pa. Stat. Ann. § 260.1 et seq. provides legal protection for an employee to collect from his employer the full amount of wages earned from his or her employer upon termination of employment.

30. Under the WPCL the term "Wages' includes "all earnings of an employe, regardless of whether determined on time, task, piece, commission or other method of calculation. The term "wages" also includes fringe benefits or wage supplements whether payable by the employer from his funds or from amounts withheld from the employes' pay by the employer."43 Pa. Stat. Ann. § 260.2a.

31. At all times aforesaid, the amounts earned by the Plaintiff in the form of commissions or payments based upon percentage of sales as well as bonuses were wages in accordance with the WPCL.

32. Under the WPCL, upon the employee leaving employment "[a]ll wages, other

than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period."   43 Pa. Stat. Ann. § 260.3.

33. No provision of the WPCL shall in any way be contravened or set aside by a private agreement or other writing such as the alleged policy and procedure manual prepared by the employer which is unsigned by the Plaintiff and was never included or mentioned as part of the terms and conditions set forth in Exhibit A. 43 Pa. Stat. Ann. § 260.7.

34. The WPCL provides for a private cause of action by a former employee against an employer to recover unpaid wages and liquidated damages and allows for the recovery of costs for reasonable attorneys' fees of any nature to be paid by the defendant. 43 Pa. Stat. Ann. § 260.9a.

35. Based upon the Defendant's breach of the employment agreement as aforesaid in violation of Pennsylvania law, Plaintiff is seeking judgment for the payment of the wages due in accordance with the law together with liquidated damages, attorney's fees and cost of suit.

**WHEREFORE,** Plaintiff demands judgment against the Defendant in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS together with attorney's fees and costs of suit.

**A JURY TRIAL IS DEMANDED.**

## COUNT III

## NEW JERSEY WAGE PAYMENT LAW

36. Plaintiff herein incorporates by reference thereto the averments contained in

Paragraphs 1 through 35, inclusive, as fully as though set forth at length herein.

37. The New Jersey Wage Payment Law (NJWPL), also provides legal protection for an employee to collect from his employer the full amount of wages earned from his or her employer upon termination of employment.

38. Under the NJWPL the term "Wages" means the direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis. N.J. Stat. Ann. § 34:11-4.1

39. At all times aforesaid, the amounts earned by the Plaintiff in the form of commissions or payments based upon percentage of sales as well as bonuses are wages in accordance with the NJWPL.

40. Under the NJWPL, upon the employee leaving employment the employer must pay the employee wages "in the case of employees compensated in part or in full by an incentive system, a reasonable approximation of all wages due, until the exact amounts due can be computed." N.J. Stat. Ann. § 34:11-4.3.

41. It is illegal under the NJWPL for an employer to attempt to contravene or set aside the Wage Law by a private agreement or other writing as the alleged policy and procedure manual prepared by the employer which is unsigned by the Plaintiff and was never included or mentioned as part of the terms and conditions set forth in Exhibit A. N.J. Stat. Ann. § 34:11-4.7.

42. The NJWPL also provides for a private cause of action by a former employee against an employer to recover unpaid wages.

42. If it is determined that the Plaintiff's employment rights are governed by New Jersey law and based upon the Defendant's breach of the employment agreement as aforesaid,

7

Plaintiff seeks judgment against this Defendant for the payment of the wages or compensation due in accordance with the law, together with compensatory damages, attorney's fees and cost of suit.

**WHEREFORE,** Plaintiff demands judgment against the Defendant in an amount in excess of SEVENTY- FIVE THOUSAND ($75,000.00) DOLLARS, together with attorney's fees and cost of suit.

**A JURY TRIAL IS DEMANDED.**

## COUNT IV

## COMMON LAW FRAUD

43.     Plaintiff herein incorporates by reference thereto the averments contained in Paragraphs 1 through 42, inclusive, as fully as though set forth at length herein.

44.     When Defendant, acting though its agent, servant and/or employee, met with the Plaintiff to convince him to continue working through July of 2017 as described above, the Defendant knew that most if not all of Plaintiff's sales for the year would have been completed by the end of July.

45.     At all times aforesaid, the Defendant also knew that because of the policy and procedure manual prepared by Defendant without Plaintiff's authorization or approval and which was never part of the original employment agreement, the Defendant would take all of the income earned by Plaintiff, paying him only the base draw with partial reimbursement for expenses.

46.     The Defendant's actions through its employees knowingly violated state laws and made misrepresentations of fact with the intent to defraud the Plaintiff from earning full

compensation for his work.

47. As a direct and proximate result of the wrongful and fraudulent conduct of the Defendant as aforesaid, Plaintiff has been deprived of earned income and has incurred both compensatory and consequential damages, including the cost of suit.

**WHEREFORE,** Plaintiff demands judgment against the Defendant in an amount in excess of SEVENTY- FIVE THOUSAND ($75,000.00) DOLLARS, together with punitive damages and cost of suit.

**A JURY TRIAL IS DEMANDED.**

## COUNT V

## UNJUST ENRICHMENT

48. Plaintiff herein incorporates by reference thereto the averments contained in Paragraphs 1 through 47, inclusive, as fully as though set forth at length herein.

49. As a direct and proximate result of the conduct of the Defendant as aforesaid, Defendant has been unjustly enriched, taking income and compensation owed to the Plaintiff for its own benefit and enrichment.

50. Defendant's efforts to keep the Plaintiff working through July 2017 knowing the consequences, entitles the Plaintiff to quasi-contractual relief to prevent the unfair and unjust taking of income or compensation.

51. As a result of such conduct, Plaintiff has been deprived of earned income and has incurred both compensatory and consequential damages including the cost of suit.

**WHEREFORE,** Plaintiff demands judgment against the Defendant in an amount in excess of SEVENTY- FIVE THOUSAND ($75,000.00) DOLLARS, together with cost of suit.

**A JURY TRIAL IS DEMANDED.**

                                                    Respectfully submitted,

Dated: December 19, 2017        By:  */s/Alexander J. Jamiolkowski*
                                                       Alexander Jamiolkowski, Esquire
                                                       PA I.D.   No 34599

                                             By:  */s/ Margaret M. Egan*
                                                       Margaret M. Egan, Esquire
                                                       PA I.D.   No 34601

                                                       EGAN & JAMIOLKOWSKI
                                                       428 Forbes Avenue, Suite 1801
                                                       Pittsburgh, PA   15219
                                                       Email: ajamiolkowski@comcast.net
                                                                  margaretegan@comcast.net
                                                       PHONE: (412)765-2120
                                                       FAX:     (412)765-2996
                                                       *Attorneys for Plaintiffs*