# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT F. STIRONE,** | 2:17-CV-1644-JFC |
| Plaintiff, | |
| vs. | |
| **MCHUTCHISON INC.,** | |
| Defendant. | |

## MEMORANDUM OPINION

Conti, Chief District Judge.

I. Introduction

In this employment dispute, Plaintiff Robert F. Stirone ("Stirone" or "plaintiff") seeks unpaid sales credits from his former employer, Defendant McHutchison, Inc. ("McHutchison" or "defendant"). Now pending is McHutchison's motion to dismiss this case in its entirety or transfer it to New Jersey. (ECF No. 9). Stirone filed a brief in opposition to the motions. McHutchison filed a reply brief.

II. Factual Record

As an initial matter, the court must determine what "facts" it may consider in deciding the pending motions. At the Rule 12(b)(6) stage, a court may use only the complaint, exhibits attached to the complaint, matters of public record and undisputedly authentic documents if the complainant's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A court may also consider "any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). If

other matters are presented and not excluded by the court, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

A document "integral to or explicitly relied upon" in the complaint may be considered without converting the motion to dismiss into one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citations omitted). It is not enough that the extrinsic document is cited in the complaint; rather, the claims must be based on the document. *Id*. The rationale underlying this exception is that a plaintiff must have actual notice of the documents if he relied upon them in framing the complaint. *Id*. In *Schmidt*, the court held that affidavits from a defendant's employees clearly could not be considered. *Id.* The court also held that certain press releases submitted by the defendants could not be considered in ruling on a motion to dismiss even though they contained all the information the plaintiff needed to ascertain his injury. The court explained that the extrinsic documents were not integral to the complaint and the claims were not "based" on the press releases, but on alleged insider sales. *Id.* at 249-50. The court commented that the rationale underlying the integral documents exception was not met because the plaintiff pled that he never saw the press releases. *Id*. at 250.

The court now applies these principles to this case. Stirone attached a May 5, 2011 Offer Letter as an exhibit to the complaint. Both parties refer to this document and it will be considered by the court. McHutchison submitted several exhibits, including employee declarations, emails and a Sales Staff Policy and Procedure Manual. (ECF Nos. 10, 11, 11-2, 11-3). These exhibits do not fit into any of the categories which permit consideration at the motion to dismiss stage – they were not attached to the complaint; they are not matters of public record; and Stirone's claims are not based upon the documents. McHutchison argues that its Sales Compensation Program and sales policy manual are referenced in paragraphs 8 and 9 of the

2

complaint, but that is simply not so. To the contrary, Stirone alleges that the terms of his employment are set forth in the Offer Letter. Complaint ¶ 5. The Offer Letter does not refer to or incorporate the Sales Staff Policy and Procedure Manual. Stirone also pleads an oral contract in January 2017. Complaint ¶¶ 12-14. Stirone affirmatively pleads that he never agreed to the terms in the sales policy manual. Complaint ¶ 19. His allegations must be taken as true at this stage of the case. It is McHutchison which seeks to introduce extrinsic documents to support its defense. The court will not consider the employee declarations or the exhibits at ECF Nos. 11-2 and 11-3 in resolving the motion to dismiss.[1]

III. Factual Background

Stirone was hired as a sales representative by McHutchison on May 5, 2011. His sales territory covered western Pennsylvania, very eastern Ohio and limited penetration in West Virginia. *See* Offer Letter (ECF No. 1-2). At all times, Stirone lived, worked and paid taxes in Pennsylvania. Complaint ¶ 6.

Stirone worked for McHutchison through 2016 and was one of their most successful employees, earning a bonus each year well in excess of his base salary. Complaint ¶ 10. This bonus was paid in February or March of the following year, after McHutchison reconciled its accounts. Complaint ¶ 9. The Offer Letter described Stirone's "individualized compensation package" as follows: "Base salary - $115,000. As you are aware, you are able to make much greater income once your sales credits exceed your base salary, expenses, and charge-backs for bad debts. This difference is paid in mid-February after your territory is reconciled." (ECF No.

---

[1] The court will consider the declarations of Michael Tizio ("Tizio") and Scott Crownover ("Crownover") (ECF Nos. 10, 11) and Stirone (ECF No. 15-1) in resolving the motion to transfer this case to New Jersey. *See Infinity Comp. Prod., Inc. v. Okidata Americas, Inc.*, No. CV 12-6797, 2018 WL 1035793, at *3 (E.D. Pa. Feb. 23, 2018) ("In deciding a motion to transfer for improper venue, courts must generally accept as true the allegations in the complaint, although the parties may submit affidavits in support of their positions.").

1-2). The Offer Letter has no express term requiring Stirone to be employed at year-end to receive commission credits, nor does it incorporate the sales policy manual.

On January 13, 2017, Stirone informed Crownover, the president of McHutchison, that he was going to resign. At the meeting, Crownover convinced Stirone to stay on at least through June or July to facilitate sales and allow the company to hire a sales rep to take his place. Complaint ¶ 12, 13. Stirone believed that if he stayed, he would receive all income (including commission bonus) he earned in 2017. Complaint ¶ 14. Stirone worked for McHutchison until July 28, 2017 and generated over $2.5 million is sales in 2017. Stirone's commission on those sales was $167,051.00. Stirone alleges that after offsetting his base salary payments of $75,000, he is entitled to $92,051.00 in commission bonus pay. Complaint ¶¶ 16, 17.

McHutchison refused to pay, citing an alleged change in the sales policy manual denying payment of commission if an employee leaves before the end of the calendar year. Stirone alleges that this provision was never agreed to by him and was not a condition of his employment either when he first began work at McHutchison or during his January 13, 2017 meeting with Crownover, when he agreed to stay on for part of 2017. Complaint ¶ 19.

IV. <u>Motion to Transfer</u>

McHutchison argues that this case should be transferred to the United States district court for the district of New Jersey pursuant to 28 U.S.C. § 1404(a). The court will address this motion first because if the case is transferred, the New Jersey court should decide the motion to dismiss.

Section 1404(a) provides that a district court may transfer any civil action to any other district where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." Transfers are not liberally granted. *Shutte v. Armco Steel Corp.*, 431 F.2d

22, 25 (3d Cir. 1970) ("plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed"). The court must resolve all factual conflicts in Stirone's favor. *Infinity Comp. Prod.*, 2018 WL 1035793, at *3. Unless the balance of convenience of the parties weighs strongly in favor of a defendant, the plaintiff's choice of forum should prevail. *Shutte*, 431 F.2d at 25; *accord Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

There is a two-step inquiry: (1) whether the transferee court is proper; and (2) whether the *Jumara* private and public interest factors support transfer. The private interest factors include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). The public interest factors include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public polices of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879–80. It is "highly desirable" for the court to set forth its reasons in a written opinion. *Id*. at 880.

At step one, this case clearly could have been brought initially in the New Jersey district court because McHutchison is located there. At step two, however, the balance of the private and public interest factors does not overcome plaintiff's choice of this forum. This case involves an employment contract between a Delaware corporation with a principal place of business in

5

New Jersey and a Pennsylvania salesperson, for a sales territory overwhelmingly based in Pennsylvania. Stirone's sales orders originated in Pennsylvania and were processed by McHutchison's home office in New Jersey. Defendant's witnesses are located in New Jersey, but plaintiff's witnesses are located in Pennsylvania. The meeting between Stirone and Crownover regarding staying for 2017 occurred in Maryland. It is far more convenient, as indicated by their relative physical and financial condition, for a multi-state corporation such as McHutchison to litigate this case in Pennsylvania, where it continues to conduct business, than for an individual former employee to travel to New Jersey. The location of documents is entitled to little weight because they are electronically available. The parties did not articulate any concerns with enforcing the judgment, practical considerations regarding the trial or relative administrative difficulties. The parties dispute whether New Jersey or Pennsylvania law governs their contract but that dispute does not weigh heavily in the transfer analysis because Stirone asserts claims under both states' laws. The parties' affidavits contain factual disputes relating to, inter alia, whether the policy manual was incorporated into the employment contract and whether Stirone attended sales conferences in New Jersey. Even if these disputes were resolved in favor of McHutchison, transfer would not be appropriate. In summary, the motion for transfer pursuant to §1404(a) will be denied.

  V.  Motion to Dismiss

    A.    Standard of Review

A motion to dismiss tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views

them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.. . . Where a complaint pleads facts that are"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

Two working principles underlie *Twombly. Id.* First, with respect to mere conclusory statements, a court need not accept as true all of the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citing 490 F.3d at 157-58). "But where the well-pleaded facts do not permit the court to infer more than the mere

7

possibility of misconduct, the complaint has alleged - but it has not 'show[n]- that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). A court considering a motion to dismiss may begin by identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions.

> While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.*

### B. Legal Analysis

Stirone asserts five claims in the complaint: (1) breach of contract; (2) violation of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. §260.1 et seq.; (3) violation of the New Jersey Wage Payment Law, N.J. Stat. §34:11-4.1 et seq.; (4) common law fraud; and (5) unjust enrichment. Stirone's theory is that the parties entered into a unilateral contract based on the terms of the 2011 Offer Letter, the parties' performance, and the oral discussions in January 2017. Stirone asserts that McHutchison agreed to pay him income earned, including credits and bonuses for sales completed before he resigned in July 2017.

McHutchison contends that Stirone's claims under the Pennsylvania and New Jersey wage payment statutes must be dismissed because the bonus is not an "earned wage."[2] McHutchison similarly argues that Stirone failed to plead a cognizable breach of contract claim. McHutchison does not contest that Stirone made the sales that led to his claimed commissions. Instead, it argues that Stirone forfeited his commissions because he resigned before the end of the calendar year.

---

[2] The parties disagree about whether Pennsylvania or New Jersey law governs this dispute. Because McHutchison's motion to dismiss fails under both states' laws, the court will reserve determination of the choice of law analysis until the factual record is more fully developed.

McHutchison's argument is entirely premised on language in the Sales Staff Policy and Procedure Manual. As explained above, the Sales Staff Policy and Procedure Manual cannot be considered at the motion to dismiss stage because Stirone's claims are not based on that document. Stirone pleads that his employment contract is set forth in the Offer Letter (which does not reference the sales policy manual) and also pleads that he was induced to remain with McHutchison for part of 2017 by his expectation that he would receive commissions on sales made during that partial year. It may well be that the terms of the policy manual were incorporated into the parties' employment agreement and not superseded by the alleged oral agreement in January 2017, but McHutchison's argument relies on contested facts not in evidence and is, therefore, premature. The motion to dismiss counts 1, 2 and 3 will be denied without prejudice to McHutchison's ability to raise these arguments at summary judgment or trial.

McHutchison argues that Stirone's fraud claim is barred by the gist of the action and economic loss doctrines. Stirone failed to address this argument. As recently explained in *Powell v. Saint Joseph's University*, No. CV 17-4438, 2018 WL 994478 (E.D. Pa. Feb. 20, 2018), the gist of the action and economic loss doctrines similarly operate. *Id*. at *8 n.3. Both doctrines serve to "determine whether tort claims that accompany contract claims should be allowed as freestanding causes of action or rejected as illegitimate attempts to procure additional damages for a breach of contract." *Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc*., 247 F.3d 79, 103 (3d Cir. 2001). In *Downs v. Andrews*, 639 F. App'x 816, 819 (3d Cir. 2016), the court of appeals explained that a court must identify the <u>nature</u> of the duty alleged to have been breached based on the substance of the allegations comprising the claim. *Id.* The court must decide whether the alleged duty is created by the parties' contract or is instead based on a broader

9

societal policy embodied in tort law. *Id*. at 820; *see also Bohler-Uddeholm*, 247 F.3d at 103-04 ("[t]he important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus").

Federal courts have consistently held that if the alleged statements underlying a fraudulent inducement claim concern specific duties that the parties outlined in the alleged contract," the claim may be dismissed under the gist of the action doctrine. *Downs*, 639 F. App'x at 820 (collecting decisions). The gist of the action doctrine precludes claims: (1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract. *Douglas v. Univ. of Pittsburgh*, No. CV 15-938, 2016 WL 6756588, at *7 (W.D. Pa. Oct. 24, 2016), report and recommendation adopted, No. CV 15-938, 2016 WL 6680551 (W.D. Pa. Nov. 14, 2016) (citations omitted).

This is an employer-employee dispute regarding compensation. The gravamen of Stirone's theory is that McHutchison failed to pay him money he earned performing his job. Complaint ¶¶ 44-46. The fundamental nature of McHutchison's alleged duty in this case arises under contract law. Both sides point to contractual documents to support their respective positions. The common law fraud claim in count 4 for McHutchison's alleged failure to pay commissions will therefore be dismissed with prejudice.

The allegation that Crownover fraudulently induced Stirone to continue working for part of 2017, while knowing that McHutchison would not pay his commission bonus, may be sufficient to support a fraudulent inducement claim. *See Mill Run Assocs. v. Locke Prop. Co.*,

10

282 F.Supp.2d 278, 290–91 (E.D. Pa. 2003) (refusing to dismiss fraud claims based on gist of the action where plaintiff allegedly was fraudulently induced "to continue under the terms of the Agreement"). The motion to dismiss this portion of count 4 will be denied without prejudice to raise the issue on a more fully developed record.

In count 5, Stirone asserts a claim for unjust enrichment. Although McHutchison seeks dismissal of the complaint in its entirety, it did not provide any authority or argument for dismissal of the unjust enrichment claim until its reply brief. Dismissal is not warranted in any event. As McHutchison recognizes, plaintiffs can plead breach of contract and unjust enrichment claims in the alternative when the enforceability of the contract is in doubt. *See Cavi v. Evolving Sys., Inc.*, 245 F. Supp.3d 604, 605 (D. Del. 2017). At a minimum, the parties here dispute whether there was an enforceable oral contract in January 2017. The unjust enrichment claim will not be dismissed at this stage of the case.

VI. Conclusion

For the reasons set forth above, the motion to transfer will be denied, and the motion to dismiss will be denied regarding counts 1, 2, 3 and 5 and granted in part and denied in part on count 4. An appropriate order will be entered.

March 12, 2018

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT F. STIRONE,** | ) | 2:17-CV-1644-JFC |
| Plaintiff, | ) | |
| vs. | ) | |
| **MCHUTCHISON INC.,** | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, this 12th day of March, 2018, for the reasons set forth in the accompanying memorandum opinion, it is hereby ORDERED that the motion (ECF No. 9) to transfer this case to New Jersey is DENIED; and the motion to dismiss is DENIED with respect to counts 1, 2, 3 and 5 and GRANTED IN PART and DENIED IN PART with respect to count 4.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge